**WEN SHENG DONG, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

**No. 07–0013–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

---

Wendy Tso, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Jennifer L. Lightbody, Attorney, Office of Immigration Litigation, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Wen Sheng Dong, a native and citizen of the People's Republic of China, seeks review of a December 18, 2006, order of the BIA denying his motion to reopen his removal proceedings. *In re Wen Sheng Dong*, No. A70 648 328 (B.I.A. Dec. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final order in the underlying proceeding. However, the 90–day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006) (per curiam). In order to prevail on such a motion, the movant must show not only that his due process rights were violated by the conduct of counsel, but also that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam); *Iavorski v. U.S.I.N.S.*, 232 F.3d 124, 134–35 (2d Cir. 2000).

Here, there is no dispute that Dong's June 2006 motion was untimely because the BIA issued its decision dismissing Dong's appeal in July 2001. However, Dong argues that the period of time be-

tween July 2001 and June 2006 should be equitably tolled because he was prejudiced by former counsel's failure to file a brief before the BIA, and acted with due diligence as soon once he learned of that ineffective assistance.

Upon review of the record, we find that the BIA did not abuse its discretion in denying Dong's motion, as Dong failed to specify how he exercised due diligence during the nearly five-year period he sought to toll. The BIA properly found that the affidavits he submitted in support of his motion to reopen did not indicate when he obtained a copy of his file, or when he learned that the appeal was dismissed. His general statement that he "recently" obtained a copy of his immigration file is insufficient to show due diligence. *See Cekic v. I.N.S.*, 435 F.3d 167, 171 (2d Cir.2006) (denying a petition for review of the BIA's denial of a motion to reopen based on ineffective assistance of counsel because movants' submissions to the BIA failed to indicate how they protected themselves after learning of former counsel's ineffective assistance).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.